IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:17CR00091 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| JAMEL A. SMITH, aka FLORIDA, | ) | UNITED STATES OF AMERICA |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Aaron P. Howell, Assistant United States Attorney, and respectfully submits the following memorandum regarding the sentencing of Defendant Jamel A. Smith. The United States submits that a variance sentence under Title 18, United States Code, Section 3553(a),(b) is appropriate.

I.     **PRESENTENCE INVESTIGATION REPORT**

The United States agrees with the sentencing guideline computation listed at paragraph 34 of the Presentence Investigation Report. (Doc#:86, Page ID #: 384). The United States also agrees with the Criminal History Computation. (Doc#:86, Page ID #:386, paragraph 46). The applicable guideline range is 168-210 months.

## II.     APPLICATION OF § 3553(A) FACTORS

### A.     Nature and circumstances of the offense

From at least October 18, 2016, through March 10, 2017, the Defendant operated as a drug dealer in Canton, Ohio. The Defendant distributed 77.71 grams of crack cocaine to a confidential informant, possessed 94.71 grams of crack cocaine in his home and possessed 750 grams of powder cocaine in his former girlfriend's vehicle. The Defendant also possessed a firearm and ammunition along with drug trafficking tools in his residence on March 10, 2017.

On March 24, 2017, a male associate of Defendant Jamel A. Smith met with an ATF Special Agent and a Canton Police Officer to provide information about the Defendant. The man told the agents that he had attended the Defendant's detention hearing in federal court. The man stated that the Defendant believed that he knew who the confidential source was and that the Defendant wanted the man to do something to the confidential source. Specifically, the man stated that the Defendant told him at the detention hearing that the Defendant wanted the confidential informants taken care of. The man also told the agents that he had witnessed the Defendant torture a man on a prior occasion. The man told the agents that they had missed 8 or 9 ounces of cocaine during the search warrant executed at Jamel Smith's residence. The man explained that the Defendant had a hiding spot in a grey Ford mini-van that the Defendant used to transport illegal drugs. The man stated that the Defendant's ex-girlfriend and mother of the Defendant's children had taken the van from the Defendant's residence and transported the van to her residence. The agents were able to corroborate the man's information and they subsequently found the van and the 750 grams of cocaine at the Defendant's ex-girlfriend's residence. (Doc #: 86, PageID #: 381). The United States provided an ATF report of investigation to Defendant's counsel that outlined the statement the man made to the agents.

2

Additionally, the United States will have the ATF Special Agent at the sentencing hearing to testify regarding this information.

According to statistics released by the Canton-Stark County Crime Lab, the Lab has seen a steady increase in cocaine and crack cocaine samples from 2014 through 2017.  In 2014, the Lab received 485 cocaine and crack cocaine samples.  In 2015, the number increased to 524, and in 2016, the number increased again to 809.   Finally, in 2017, the Lab received 930 cocaine and crack cocaine related samples.[1]  The evidence in this case shows that the Defendant contributed to the cocaine and crack cocaine problem in Stark County.

Drug trafficking, guns and violence often come as a package deal.  The Defendant's conduct in this case reflected that.  Drug trafficking is a scourge on society.  The Defendant's conduct did not add anything of value to the community.  Instead, he pushed highly addictive and dangerous illegal drugs in the Northern District of Ohio.  Additionally, he displayed that he is capable of and willing to employ others to commit violence against any person who may have provided information to law enforcement about his criminal activities in the Northern District of Ohio.  The Defendant's conduct in this case is worthy of an upward variance from the applicable guideline range.

      B.      <u>History and characteristics of the Defendant</u>

The Defendant has a long criminal history.  At the age of 24, in 1997, the Defendant earned a conviction for Trafficking in over 400 grams of Cocaine in Florida and earned a sentence of approximately 3 or 4 years in prison.  Four months after his arrest in Florida, the Defendant was arrested in Stark County, Ohio for Possession of Cocaine.  He earned another

---

[1] *See* article, CantonRep.com, posted May 24, 2018, www.cantonrep.com/news/20180524/complex-drug-mixes-found-in-stark-4-od-deaths-last-week.

3

conviction in that case and the Court sentenced him to prison.  After his release from Florida prison, in 2002, law enforcement again arrested the Defendant in Stark County, Ohio for Possession of Cocaine, Failure to Comply with the Order or Signal of Police.  The Defendant earned another conviction and the Court sentenced him to a three-year prison sentence.  Again, in 2007, at the age of 35, law enforcement arrested the Defendant in Stark County, Ohio.  The Defendant earned a conviction for Possession of Cocaine after taking the case to trial.  The Court sentenced him to 5 years in prison.  In 2016, at age 44, law enforcement arrested the Defendant in Stark County, Ohio for Assault and Disrupting Public Services.  The Defendant earned a conviction for Assault.  In 2017, the Defendant earned another conviction for Possession of a large amount of Cocaine in the Stark County Court of Common Pleas, and the Court sentenced him to 5 years in prison.

    The Defendant's criminal history shows that he is a career drug trafficker.  He sells cocaine to the community, law enforcement arrests him, he goes to prison, and once he gets out of prison, he goes right back to dealing cocaine again.  The Defendant has demonstrated that he will continue to harm the community when he is not in prison.  Escalating prison sentences have not deterred the Defendant.

    The Defendant's drug trafficking is especially troubling considering that he is not selling narcotics to support his own drug habit.  The Defendant stated that he does not use drugs, but he does "handle" the substance.  *See* PSR, Doc #:86, Page ID #: 388, paragraph 65.  The Defendant also stated that he does not believe that he has used any substances in a manner that would indicate problematic use.  Id. Page ID #: 389, paragraph 66.  The United States respectfully requests that the Court does not order the Defendant into a drug treatment program in prison due to the Defendant's claims that he does not have a drug problem.

Throughout this case, the Defendant has shown a blatant disrespect for the criminal justice system, this Court, his Attorneys, the Government, the United States Marshals and Court personnel.  The Court outlined some of the Defendant's behavior in an Order on January 25, 2018.  *See* ECF at Doc #:56, PageID #: 188.   The Defendant's violent assault of Attorney Don Butler was a cowardly and despicable act.

C. THE NEED FOR THE SENTENCE IMPOSED

The Court could sentence the Defendant to life in prison.  The United States believes that a life sentence is the only way to protect the public from the Defendant's future crimes.  Anything less than a life sentence would require the Court to determine that the Defendant will follow Court orders upon his release.   The Defendant has shown that every time that leaves prison, he commits new crimes.   The Defendant has also shown that he does not have any respect for this Court.  Perhaps most importantly, the Defendant has shown that he is a violent person who will commit violence (or ask others to do it for him).  Attorney Don Butler is a respected attorney in the Northern District of Ohio.  He accepted this Court's appointment to represent the Defendant despite the Defendant's outrageous behavior toward his prior attorneys.  Attorney Butler worked hard on the Defendant's case.  The Defendant's unprovoked, violent attack of Attorney Butler was disturbing.  After a thorough review of the aggravating circumstances present in this case, the United States is confident that this Court will find that a sentence above the applicable sentencing guidelines is appropriate.

D.	CONCLUSION

In order to protect the public from the Defendant's future crimes, to reflect the seriousness of the Defendant's offenses, to promote respect for the law and to provide just punishment, the United States respectfully requests that this Court impose a life sentence.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:	/s/ Aaron P. Howell
Aaron P. Howell (OH: 0081347)
Assistant United States Attorney
Federal Building
2 South Main Street, Room 208
Akron, OH 44308
(330) 761-0526
(330) 375-5492 (facsimile)
Aaron.Howell@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of November, 2018 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Aaron P. Howell
Aaron P. Howell
Assistant U.S. Attorney